Commonwealth ex rel. Huff, Appellant, *v.* Memolo.

50

Argued September 24, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Gerald G. Dolphin*, for appellant.

*W. Leach*, with him *John R. Lenahan* and *Leach & Lenahan*, for appellees.

OPINION BY ROSS, J., November 15, 1951:

This is a habeas corpus proceeding involving the custody of a four-year-old girl. The contest is between father and mother, now divorced, the mother being remarried and presently living in New Jersey. The court, by an order entered May 14, 1951, awarded custody "for the present" to the father and the mother has taken this appeal.

The order of the court below was based upon evidence which, over objection by counsel for the mother, was improperly admitted and the case must be sent back for further hearing.

On July 28, 1950, upon petition of the mother a writ of habeas corpus was issued and on this writ a

hearing was held on August 8, 1950. Although the testimony was not completed, over 200 pages of printed testimony were taken. On February 27, 1951, by agreement of the parties, the action was discontinued, no order being made for the custody of the child.

The child was then in physical custody of the father. On March 19, 1951, the mother, without process of law, took the child from Moscow, Pennsylvania, to her present home in New Jersey. On March 30th, also without process of law, the father took the child from the mother's home and returned her to Moscow. Shortly thereafter the present writ was issued and on April 23rd a hearing thereon was held.

At this hearing little testimony was presented, nothing bearing upon the best interests and permanent welfare of the child. However, the father offered in evidence the testimony taken at the August 8th hearing on the first and *entirely separate* writ. This testimony, over objection of counsel for the mother, was admitted and was the basis for the order entered by the learned trial judge, he in his opinion stating: "Consideration of this evidence is necessary to secure a proper determination of what is best for the 'physical, intellectual, moral and spiritual well-being' of the child." The admission of this testimony was error. It is fundamental that before testimony given at one trial is admissible at a subsequent trial it must be shown that the witness who testified at the first trial is unavailable as a witness at the subsequent trial. In this case no effort was made to show the unavailability of the witnesses who testified at the hearing on the first writ. Consequently, the mother's objection to the introduction of the testimony given at the hearing on the first writ should have been sustained and the evidence excluded. Without it, there is no evidence in the record upon which we, or any court, can determine what is for the best interests and permanent welfare of the child.

Order reversed, and the record remitted for further proceedings.